LOTTINGER, Judge.
This is an expropriation proceeding, and for the purposes of trial below, this case was consolidated with the suit entitled, “State of Louisiana, Through The Department of Highways versus Merritt P. Evans, Jr.”, No. 10,077 on the docket of this court, 305 So.2d 151, and we adopt that opinion as it is applicable hereto.
The taking was occasioned by and for the purpose of the construction of highway Interstate 10 over property belonging to the defendants, Louise Brown Savoy, Erva Savoy Mayers, and Joseph Dale Savoy, in Ascension Parish, Louisiana. The Lower Court rendered judgment in favor of defendants, and against plaintiff, State of Louisiana, through The Department of Highways, in the sum of $98,434.00, subject to a credit in the sum of $47,076.00 previously deposited in the registry of the Court, together with legal interest on the balance from date of judicial demand until paid. The Lower Court also awarded expert witness fees and taxed these as costs, and it assessed all costs against the State of Louisiana, through The Department of Highways. From this judgment, the State of Louisiana, through The Department of Highways, has appealed. Defendants have not appealed or answered this appeal.
The Savoy property originally comprised 183.782 acres in Ascension Parish, partially fronting southerly on Louisiana Highway 941. Three tracts comprising a total of 44.742 acres were expropriated, leaving a north remainder of 31.712 acres and a south remainder of 107.328 acres fronting on Highway 941. The full sum of $47,076.00 was deposited as the estimate of just compensation for the land. Nothing was deposited for severance damage to the remainders.
The right-of-way expropriated by the Highway Department over the property of Thibaut and referred to in the Evans case will also provide access from Louisiana Highway 941 to the Savoy rear remainder.
Judgment was rendered in the Lower Court on June 4, 1973, the District Court finding:
1. The rear or north remainder of the subject tract now has access to the nearest public road, but no frontage on a public road.
2. Defendants’ expert, William’s valuation of $1,800.00 per acre should be reduced by $200.00 per acre because said property was not as highly developed or in as good location as the Evans property was, and $1,600 represented the market value of the 44.742 acres taken.
3. The remainders were damaged by the taking in the amount of $26,700.00.
Appellant believes that the District Court erred in the finding that the acreage taken had a value of $1,600.00 per acre and in finding that the remainders had suffered any severance damage as a result of the taking. Appellant makes no argument that the court should adopt a “front land-rear land” premise for valuing the Savoy property as it made in the Evans case.
In well reasoned Reasons for Judgment, the Lower Court wrote:
“Mr. Williams found the properties to be equal in value; Mr. Russell and Mr. Carlock found the Savoy property to be worth $200.00 per acre less than the Evans property; and Mr. Book, $300.00 per acre less.
“The court finds that the Savoy property should be valued at $200.00 per acre less than the Evans property because (1) the Evans property is located at the corner of La. 44 and La. 941, having frontage on both roads, while the Savoy property has frontage only on La. 941, which is the less travelled of the two highways, and (2) the Evans property was cleared and highly developed pasture land while the Savoy property is far less developed *157 and substantially overgrown. Accordingly, the court finds the value of the Savoy property to be $1,600.00 per acre.”
After arriving at a value of $1,600.00 per acre for the value of the acreage taken, the Lower Court multiplied this value by 44.834 acres for a total value of $71,734.00. Inasmuch as the acreage taken was stipulated by the parties to be only 44.742 acres which multiplied by $1,600.00 per acre results in a total value of $71,587.00, we will reduce the award for the acreage taken by $147.00 to $71,587.00.
We adopt the same reasons for awarding severance damages in this case as we did in the Evans case, and it is only necessary here that we discuss the amount of those damages. The Trial Court adopted the estimate of damages of the appraiser, Kermit Williams, with some modification, so we will first discuss Mr. Williams’ testimony as to severance damage. Mr. Williams, working with the. value of $1,800.00 per acre, testified that the 10 acres of the south or front remainder which were backed up to the Interstate were damaged to the extent of 40 per cent, for damages of $7,200.00. He further testified that all of the acreage in the north or rear remainder was also damaged to the extent of 40 per cent and using 31.804 acres calculated this damage to be $22,898.-88. By stipulation of the parties, the acreage in the rear remainder was only 31.712 acres, but this small difference will be corrected when we make the computation necessitated by the reduction in per acre value from $1,800.00 to $1,600.00. In making this reduction, the Trial Judge rounded the total severance damages calculated by Mr. Williams to $30,000.00 and then reduced this by the percentage difference between $1,800.00 and $1,600.00, and in so doing, he made a small mathematical error. We believe that making this computation by a direct approach using the $1,600.00 per acre value is easier to understand, and we will use this method for simplicity and in order to make the necessary corrections. Using a value of $1,600.00 per acre, the 10 acres of the south or front remainder which were backed up to the Interstate had a value of $16,000.00 and were damaged 40 per cent for severance damage of $6,400.00. Using the same $1,600.00 value per acre, the 31.712 acres of the rear remainder had a value of $50,739.00 and were damaged 40 per cent for severance damage of $20,296.00. These two severance damages total $26,696.00, and we will reduce the severance damage awarded by the Lower Court of $26,700.00 by $4.00.
In summary, we reduce the award of $71,734.00 for acreage taken by $147.00 to $71,587.00 and reduce severance damage of $26,700.00 by $4.00 to $26,696.00, thus reducing the total award by the Trial Court of a total of $151.00.
For the above and foregoing reasons, the judgment appealed from is amended to reduce the total award by the Trial Court of $98,434.00 by $151.00 to $98,283.00, subject to a credit for the sum deposited in the registry of the court and so recognized by the Lower Court; and as thus amended, it is affirmed at plaintiff-appellant’s costs, as permitted by law.
Amended and affirmed.